# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **REEBOK INTERNATIONAL LTD.**, *et al.*, | Case No. 3:16-cv-1618-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **TRB ACQUISITIONS LLC**, *et al.*, | |
| Defendants. | |

Stephen M. Feldman, PERKINS COIE LLP, 1120 NW Couch Street, 10th Floor, Portland, OR 97209; Mitchell G. Stockwell, KILPATRICK TOWNSEND & STOCKTON LLP, 1100 Peachtree Street NE, Suite 2800, Atlanta, GA 30309; Matias Ferrario and Jonathan E. Harris, KILPATRICK TOWNSEND & STOCKTON LLP, 1001 West Fourth Street, Winston-Salem, NC 27101. Of Attorneys for Plaintiffs.

Kenneth R. Davis II and Parna A. Mehrbani, LANE POWELL PC, 601 SW Second Avenue, Suite 2100, Portland, Oregon 97204; Gregory F. Wesner, LANE POWELL PC, 1420 Fifth Avenue, Suite 4200, Seattle, WA 98101; Michelle Mancino Marsh, ARENT FOX LLP, 1675 Broadway, New York, NY 10019. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Before the Court is Defendants' motion to stay this case pending resolution of

Defendants' three petitions for *inter partes* review ("IPR") currently under consideration before

the United States Patent and Trademark Office ("PTO"). The deadline for the PTO to decide

whether to institute review is December 28, 2017. For the reasons discussed below, Defendants'
motion is granted in part and denied in part.

## STANDARDS

### A. *Inter Partes* Review

Among other things, the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29,
125 Stat. 284 (2011) (codified in various sections of Title 35 of the United States Code) was
enacted to improve and replace the former *inter partes* reexamination proceeding with a new and
expedited IPR proceeding. One of the goals of the new IPR proceeding is "to minimize
duplicative efforts by increasing coordination between district court litigation and *inter partes*
review." *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *1 (C.D.
Cal. Apr. 20, 2015) (citing *Changes to Implement Inter Partes Review Proceedings, Post-Grant
Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed.
Reg. 48,721 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 *et seq.*)).

Under the AIA, any "person who is not the owner of a patent may file with the [PTO] a
petition to institute an *inter partes* review of the patent." 35 U.S.C. § 311(a). Such petitioners
"may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could
be raised under section 102 or 103 [relating to invalidity of the patent or any claim on the basis
of prior art]." § 311(b). To institute an IPR, the PTO must determine that the petition presents "a
reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims
challenged in the petition." § 314(a). If the PTO institutes an IPR, the petitioner then has the
burden of proving lack of patentability by a preponderance of the evidence. § 316(e).

The current IPR timeline is more compressed than the timeline under its predecessor *inter partes* reexamination procedure.[1] After the IPR petition is filed, the patent owner may, within three months, file a preliminary response "setting forth the reasons why no *inter partes* review should be instituted." 37 C.F.R. § 42.107(a). Alternatively, the patent owner may expedite the proceeding by waiving the preliminary response. § 42.107(b). The PTO must decide whether to institute an IPR within three months of when the patent owner's preliminary response is due. 35 U.S.C. § 314(b). In addition, the PTO must issue a final determination within one year of granting IPR, with the possibility of one six-month extension on a showing of good cause. § 316(a)(11).

Although IPR "may not be instituted . . . if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent," a petitioner's "counterclaim challenging the validity of a claim of a patent does not constitute [such an action]." § 315(a)(1), (3). After IPR concludes, the petitioner is estopped from asserting that a patent claim is invalid "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." § 315(e).

**B. Motions to Stay**

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding how best to exercise this inherent power, the court "must weigh competing interests and maintain an even

---

[1] The average length of an *inter partes* reexamination previously was approximately 36 months, and if either party appealed the determination from the reexamination, the process could extend another three years. *Affinity Labs of Texas v. Apple Inc.*, 2010 WL 1753206, at *2 (N.D.Cal. Apr. 29, 2010).

balance." *Id.* at 254-55. When deciding whether to stay litigation pending IPR, courts generally consider the following three factors:

> 1.      whether discovery is complete and whether a trial date has been set;
>
> 2.      whether a stay will simplify the issues in question and trial of the case; and
>
> 3.      whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*Wonderland Nursery Goods*, 2015 WL 1809309, at *2 (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)). Courts also look to whether "the outcome of the reexamination [or IPR] would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination [or IPR], would eliminate the need to try the infringement issue." *Id.* (quoting *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

Generally, courts apply a "liberal policy in favor of granting motions to stay proceedings pending the outcome of PTO IPR proceedings." *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012). Nonetheless, "the totality of the circumstances governs," *Wonderland Nursery Goods*, 2015 WL 1809309, at *2 (quoting *Universal Elecs.*, 943 F. Supp. 2d at 1031), and "a stay is never required," *id.* Whether "to grant a stay falls within the court's sound discretion." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 591 (2014). The moving party has the burden to persuade the court that a stay is appropriate. *Netlist, Inc. v. Smart Storage Sys., Inc.*, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).[2]

---

[2] These standards mirror those used when courts analyze motions to stay pending reexamination under the pre-AIA statutory framework in effect before September 16, 2012. *See, e.g.*, *Aten Int'l Co., Ltd v. Emine Tech. Co.*, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010); *see also* Peter S. Menell *et al.*, *Patent Case Management Judicial Guide* 2-49 (2d ed. 2012) (describing the change from reexamination to IPR). Courts agree that "[a]lthough inter partes

## BACKGROUND

Plaintiffs filed this case on August 10, 2016. Plaintiffs alleged infringement of U.S. Patent Nos. 7,637,035 and 8,505,221. On the same day, Plaintiffs filed a companion case with the U.S. International Trade Commission ("ITC"). The case before this Court was stayed pending the resolution of the case before the ITC.

Before the ITC, the parties engaged in some discovery and claim construction efforts. Just before the deadline for the initial claim construction brief, the parties entered into a Consent Order, effective as of December 31, 2016. As a result, on December 20, 2016, the ITC Administrative Law Judge issued an Initial Determination terminating the ITC investigation. On January 18, 2017, the ITC issued a Notice declining to review the Administrative Law Judge's determination and the ITC investigation was concluded.

On January 26, 2017, Plaintiffs filed their First Amended Complaint in this case. The parties began negotiating a case schedule for discovery and claim construction. Plaintiffs then notified Defendants that Plaintiffs intended to seek leave to file a Second Amended Complaint to assert infringement of a third patent, U.S. Patent No. 8,020,320. On or about May 3, 2017, the parties reached agreement on a case schedule. On June 14, 2017, the Court held a telephone conference with the parties and entered the case schedule, agreed upon by the parties, which included claim construction filings due October 2, 2017, October 30, 2017, and November 17, 2017, and a *Markman* hearing before the Court on December 4, 2017.

---

review is a new means to challenge patent validity, the same general principles that governed stays pending the old *inter partes* reexamination process should apply with equal force to stays pending the new *inter partes* review." *CANVS Corp.*, 118 Fed. Cl. at 591 n.5 (2014).

On June 26 and 28, 2017, Defendants filed three IPR petitions against the asserted patents. The petitions challenge the validity of the asserted claims of the patents-in-suit. The petitions include 23 proposed grounds of invalidity.

On August 14, 2017, Defendants filed the pending motion to stay. On the same day, Defendants also filed a motion to stay the deadlines of the claim construction briefing while the Court considered this motion to stay. The Court denied that motion on August 24, 2017.

## DISCUSSION

To determine whether a stay is appropriate, the Court assesses, in turn, the three factors identified in *Universal Electronics*, 943 F. Supp. 2d 1028, and *Wonderland Nursery Goods*,  2015 WL 1809309, along with the totality of the circumstances.

### A.  Status of Discovery and Trial Date

The first factor is whether discovery is complete and a trial date is set. Fact discovery is scheduled to close on April 3, 2018. Plaintiffs have served several requests for production and interrogatories on Defendants. Defendants have not yet served any discovery requests on Plaintiffs. It does not appear that Defendants have produced any documents or provided any responses to interrogatories propounded by Plaintiffs. There was also some discovery exchanged in the ITC proceeding, but the Court does not consider that as part of the status of discovery in this case. The Court has not yet set a trial date. Overall, the Court finds that this factor weighs in favor of granting a stay.

### B.  Simplification of the Issues in Question

Defendants argue that IPR could eliminate some or all of the infringement issues. According to Defendants, even if the case were not entirely disposed of during IPR, the PTO's decision could narrow the issues before the Court by reducing the number of claims to be construed in a claim construction hearing or analyzed in a motion for summary judgment.

Furthermore, Defendants argue that the Court would obtain valuable insight from the PTO's expert analysis during IPR. Although the PTO has not yet decided whether it will institute the IPRs, Defendants argue that the petitions challenge the validity of the patents on multiple grounds, with multiple, overlapping prior art references, and are case dispositive. Because of this, Defendants attempt to distinguish the Court's opinion in *Drink Tanks Corp. v. GrowlerWerks, Inc.*, 2016 WL 3844209 (D. Or. July 15, 2016) (denying without prejudice motion to stay filed after petitions for IPR were filed, with leave to renew if the IPR petitions were instituted by the PTO).

Plaintiffs respond that Defendants' arguments are based on speculation and that this case is not materially distinguishable from *GrowlerWerks*. According to Plaintiffs, there is no way of knowing whether the PTO will grant the petition for IPR, and if the PTO does not grant the petition, no simplification of the issues in question will occur.

The Court agrees with Defendants that if the PTO grants IPR and finds that some or all of the asserted patent claims are invalid, proceeding with litigation will result in the Court wasting resources and the parties unnecessarily expending funds addressing invalid claims. Defendants have petitioned for review of all of the asserted patent claims for all three patents-in-suit, making the outcome of IPR potentially case-dispositive. Therefore, a stay could help conserve resources, as well as give the Court the benefit of the PTO's expert opinion. *See GrowlerWerks*, 2016 WL 3844209, at *4; *Internet Patents Corp. v. eBags, Inc.*, 2013 WL 4609533, at *3 (N.D. Cal. Aug. 28, 2013). The Court recognizes, however, that the PTO has not yet decided whether it will grant or reject review, which creates uncertainty about whether a stay would simplify issues in this case.

Some courts are willing to decide a motion to stay before the PTO determines whether to institute review, while other courts deny a motion to stay as premature if the PTO has not yet granted a petition for review, but expressly permit the moving file to refile for a stay if the PTO later accepts review of relevant patent claims. *See GrowlerWerks*, 2016 WL 3844209, at *4 (gathering cases). This latter approach appears to be the one chosen by the majority of courts that have considered the issue. *Id.* (gathering cases). The Court sees no reason to change its approach from *GrowlerWerks*, and at this time finds the simplification factor supports denying a stay until a decision is known about whether an IPR will be instituted.

## C.  Undue Prejudice or Clear Tactical Disadvantage

Defendants argue that a stay will not unduly prejudice Plaintiffs because they will endure only a "limited delay" in the resolution of their claims and because they will suffer only monetary damages, which is not irreparable harm. Defendants also note that both parties and the Court will save resources by not having to expend resources on claim construction that may be rendered unnecessary if an IPR is instituted and the case is then stayed and the patents are found invalid or a decision by the PTO supports the Court altering its claim construction decision.

Plaintiffs respond, in a conclusory manner, that they will be prejudiced. But Plaintiffs also note that they have the Consent Order from the ITC proceedings and can pursue remedies through that venue if the Consent Order is violated. Plaintiffs also argue generally that the motion to stay and the IPR petitions have all been filed by Defendants for tactical purposes and only to delay resolving this case on the merits.

The Court agrees with Defendants that if an IPR is instituted, then undergoing claim construction at this time may end up being a waste of the parties' and the Court's resources because the determination of the PTO may be case-dispositive or otherwise affect the Court's claim construction. But the Court also agrees with Plaintiffs that until it is known whether an IPR

will be instituted, stopping all other forward momentum in this case may be prejudicial to Plaintiffs. Thus, this factor weighs in favor of denying a stay, as long as the claim construction hearing (and any remaining briefing) is stayed.

## D.  Totality of the Circumstances

Considering all of the relevant circumstances, the Court finds that it is appropriate to stay any remaining claim construction briefing until after the IPR institution decision has issued and to strike the *Markman* hearing currently scheduled for December 4, 2017. Otherwise, the totality of the circumstances militates against a stay of the case until after the PTO determines whether an IPR is warranted. The parties are directed to notify the Court promptly upon receiving the PTO's decision. If an IPR is instituted, Defendants may renew their motion to stay. If an IPR is not instituted, then the parties should confer and propose a new claim construction schedule.

## CONCLUSION

Defendants' motion for stay pending resolution of IPR proceedings (ECF 55) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE and with leave to renew, if appropriate, based on new circumstances consistent with this Opinion and Order. The parties shall file a joint status report informing the Court of the disposition of Defendants' petitions within seven days of the PTO's final decision on whether to grant IPR.

**IT IS SO ORDERED**.

DATED this 22nd day of September, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge